NOT FOR PUBLICATION                          [Dkt. Ents. 8 & 20]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| DEVELCOM FUNDING, LLC, | |
| Plaintiff, | |
| v. | Civil No. 09-1839(RMB) |
| AMERICAN ATLANTIC COMPANY, | **OPINION** |
| Defendant. | |

Appearances:

Attorneys for Plaintiff:

      Allison L. Kashon
      Ronald Jay Shaffer
      Fox Rothschild LLP
      1301 Atlantic Avenue, Suite 400
      Atlantic City, NJ 08401

Attorneys for Defendant:

      Alyson M. Weiss
      Loeb & Loeb, LLP
      345 Park Avenue
      New York, NY 10154

      Lawrence W. Lindsay
      Loughry & Lindsay, LLC
      330 Market Street
      Camden, NJ 08102-1524

Attorneys for Intervenor-Defendant:

      Thomas R. Valen
      Jennifer A. Hradil
      Mara E. Zazzali
      Gibbons, PC
      One Gateway Center

1

Newark, NJ 07102-5310

William M. Tambussi
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

**BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion to dismiss for failure to join an indispensable party, pursuant to Federal Rule of Civil Procedure 12(b)(7), by defendant American Atlantic Company (the "Defendant"). The Plaintiff, Develcom Funding, LLC, (the "Plaintiff") brought this federal action to enforce a contract of sale for a disposal facility, amidst ongoing state-court litigation between the parties arising from the same set of facts. The state action, however, includes a third party, Weeks Marine, Inc., ("Weeks") which is not named as a defendant in this proceeding. Because Weeks is an indispensable party whose joinder in this action would defeat the Court's subject-matter jurisdiction, the Court will grant the motion to dismiss.[1]

### BACKGROUND FACTS

For the past year, Plaintiff, Defendant, and Weeks have been embroiled in litigation in New Jersey state court relating to the

---

[1] Weeks has also brought a motion seeking dismissal of this action. The motion implicates complex and unresolved questions of civil procedure, since it is brought by a non-party not actually seeking to intervene in this proceeding. The Court need not address these difficult matters, however, since granting Defendant's motion to dismiss, by ordering the same relief Weeks seeks, renders Weeks's motion moot.

ownership and operation of the Raccoon Island/Whites Basin
confined disposal facility (the "Facility").  That action, <u>Weeks
Marine, Inc. v. American Atlantic Company and Develcom Funding,
LLC</u>, Civil No. C-53-08, (the "State Court Action") was filed in
July 2008 at the Superior Court of New Jersey Chancery Division:
Gloucester County.

The facts underlying both suits, as set out in the
Complaint, are as follows.  Defendant owned and operated the
Facility from the 1880s to 1993.  (Compl. ¶¶ 5, 10.)  In February
1993, Defendant sold the dredging operation located at the
Facility to Weeks, but still retained ownership of the site.
(<u>Id.</u> at ¶ 13.)  At that time, Defendant and Weeks formed a
contract, the Sediment Deposit Agreement (the "SDA"), which
granted Weeks certain rights to use the Facility and to dispose
of dredged material on the surrounding property.  (<u>Id.</u> at ¶¶ 14-
16.)  Plaintiff avers that the dredge spoils deposited by Weeks
pursuant to the SDA exceed environmental soil and groundwater
standards, which has resulted in contamination of the property.
(<u>Id.</u> at ¶¶ 17-19.)

In January 2008, Plaintiff contracted to purchase the
property from Defendant.  (<u>Id.</u> at ¶ 30.)  Numerous disputes
between Plaintiff and Defendant have obstructed consummation of
the sale, however.  (<u>Id.</u> at ¶ 45.)  For example, Plaintiff avers
that the sale contract contemplates a phased closing, in which

one portion of the property would be conveyed five months before
a second portion; however, Defendant has asserted that it will
terminate the sale contract unless the entire property is
conveyed at once on April 29, 2009.  (<u>Id.</u> at ¶¶ 37-40.)
Plaintiff also contends that the SDA, which is recorded,
constitutes an impediment to the conveyance of free and clear
title to the property, a violation of the contract of sale.  (<u>Id.</u>
at ¶¶ 52, 55.)  Furthermore, the contract of sale requires
conveyance of the property free and clear of utilization by any
other party.  (<u>Id.</u> at ¶ 60.)  Plaintiff contends that Weeks's
occupancy of the property, as well as the "Unacceptable Sediment"
deposited onto the property by Weeks, violates this provision.
(<u>Id.</u> at ¶¶ 63-72, 80-82.)  Moreover, Plaintiff contends that it
is entitled to the permits necessary to operate the Facility, but
those permits remain in Weeks's name.  (<u>Id.</u> at ¶¶ 95-99.)  For
these and numerous other reasons, the property has not been
conveyed from Defendant to Plaintiff.  Accordingly, Plaintiff
seeks, <u>inter alia</u>, specific performance of the contract of sale.

     In the ongoing State Court Action, Weeks alleges that
Defendant breached, and Plaintiff tortiously interfered with, the
SDA.  The very dispute between Plaintiff and Defendant in the
proceeding now before this Court is also being litigated by way
of crossclaims in the State Court Action.  (Def.'s Br. 2, 8-9.)
Concerned about the burdens of litigating the same dispute in two

4

fora, Defendant now moves to dismiss this action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(7) provides that defendants may, in lieu of filing an answer, assert by motion the defense of "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Under Rule 19, if joinder of an unnamed party would defeat federal subject-matter jurisdiction, and if the party is deemed both necessary and indispensable to the action, the complaint must be dismissed. Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993). Accordingly, a motion for failure to join an indispensable party pursuant to Rule 12(b)(7) is, effectively, a motion to dismiss the complaint.

In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party. Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. App'x 803, 805 (3d Cir. 2003). The burden to prove that a non-party is both necessary and indispensable to the action falls to the moving party. Fed. Home Loan Mortgage Corp. v. Commonwealth Land Title Ins. Co., No. 92-5255, 1993 WL 95494, at *5 (E.D. Pa. March 31, 1993).

**DISCUSSION**

This case requires a straightforward application of Federal

5

Rule of Civil Procedure 19.  Defendant seeks dismissal of this action on the ground that a party indispensable to resolution of this case -- namely, Weeks -- cannot be joined without destroying the Court's subject-matter jurisdiction.  Here, subject-matter jurisdiction is premised upon the parties' diversity of citizenship.  (Compl. ¶ 3.)  As both Plaintiff and Weeks are citizens of New Jersey, joinder of Weeks as a co-defendant would destroy diversity jurisdiction.[2]  See Dickson v. Murphy, 202 Fed. App'x 578, 581 (3d Cir. 2006) ("In order for a federal court to have jurisdiction in a diversity suit, complete diversity of citizenship must exist.").

Rule 19 establishes a two-step inquiry.  Before granting dismissal under the Rule, courts must first consider "whether an

_____

[2] Plaintiff suggests that this Court might join Weeks as a third-party defendant, an intervening defendant, or a co-plaintiff, rather than as a co-defendant, to avert dismissal. This argument strains Rule 19.  Plaintiff fails to cite a single authority that, when confronted with a Rule 12(b)(7) motion to dismiss, has undertaken such procedural acrobatics to avoid the obvious consequence that Rule 19(b) contemplates.  If Weeks is a necessary and indispensable party to the claims that Plaintiff asserted when it commenced this litigation, dismissal is appropriate.  See Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 704-05 (3d Cir. 1996) ("If . . . the non-diverse intervenor was an indispensable party under Rule 19 when the complaint was filed, the action must be dismissed.").  In any event, if the Court were to align Weeks as a party to this case, it would align Weeks -- "according to [its] real interests," Estrella v. V&G Mgmt. Corp., 158 F.R.D. 575, 581 (D.N.J. 1994) -- as a co-defendant.  Plaintiff's interests are adverse to both Defendant and Weeks, as Weeks is the entity which allegedly has occupied and contaminated the property that Plaintiff has sought to purchase.

absent party is 'necessary' under Rule 19(a), and then, if the party is necessary but cannot be joined, [they must] determin[e] whether the party is 'indispensable' such that the action must be dismissed in [its] absence."  <u>Synygy, Inc. v. ZS Associates, Inc.</u>, No. 08-2355, 2009 WL 1532117, *3 (3d Cir. June 1, 2009) (citing <u>Gen. Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 312 (3d Cir. 2007)).

As to the first inquiry:  Defendant argues that Weeks is a "necessary" party to this litigation because Weeks has "an interest relating to the subject of the action and is so situated that disposing of the action in [its] absence may . . . leave [Defendant] subject to a substantial risk of incurring . . . inconsistent obligations because of the interest."  Fed. R. Civ. P. 19(a)(1)(A)(ii).[3]

It cannot credibly be disputed that Weeks maintains an interest "relating to the subject of th[is] action . . . ."  <u>Id.</u> The interest is the continuing viability of the SDA, which may

---

[3] Plaintiff's briefs repeatedly cite <u>General Refractories Co. v. First State Ins. Co.</u> for the proposition that the Court should not consider the effect of this litigation on Weeks, as Weeks is not a party to this action.  500 F.3d 306, 313 (3d Cir. 2007) ("[W]e necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial.").  Of course, this narrow point is limited to the "complete relief" prong of Rule 19(a)(1), which the Court does not even consider here since this case so clearly satisfies the "inconsistent obligations" prong of Rule 19(a)(1)'s disjunctive test.

protect Weeks's right to utilize the very property that is the subject of this action.  Plaintiff concedes as much by stating in its Complaint, as a predicate to its recovery, that, "The SDA expired by its terms on July 31, 2008."  (Compl. ¶ 24; <u>see also id.</u> at ¶¶ 25-29, 52-54, 63-69, 78-79.)  Certainly, Weeks has a strong interest in disputing that proposition, evidenced by the fact that Weeks has sought vindication of its interest in the State Court Action.

Defendant further contends that resolving this litigation without Weeks's participation may create a substantial risk of imposing inconsistent obligations.  <u>See</u> Fed. R. Civ. P. 19(a)(1)(A)(ii).  The Court agrees.  It is entirely plausible that Weeks could prevail in the State Court Action, adjudging that the SDA guarantees to Weeks continuing access and use of the Facility.  If, however, this Court orders specific performance of the sale contract, including removal of Weeks and its possessions from the property, discharging of record the SDA, termination of any written agreements "which would allow a third party to utilize the property in any manner" (presumably including the SDA), transferral to Plaintiff of the permits now in the name of Weeks -- which is precisely the relief Plaintiff now seeks (Compl. ¶¶ 141, 187) -- then Defendant would be subject to incompatible obligations.  To put an even finer point on it: Defendant would be subject to inconsistent obligations if the

Court ordered Defendant to remediate damage caused by Weeks's depositing of dredge spoils, but the State Court permitted Weeks to continue depositing the same materials.  (Def.'s Repl. Br. 6.) Accordingly, Weeks is a "necessary" party in this litigation.

Since Weeks cannot be joined in this action, the Court must turn to whether Weeks is an "indispensable" party, such that the action must be dismissed in its absence.  To make this determination, the Court must consider:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

As to the first factor:  Weeks would be severely prejudiced if the Court rendered judgment in its absence.[4]  Weeks's interests are inexorably intertwined with the dispute between

---

[4] Courts have recognized that this factor overlaps with the Rule 19(a) analysis.  See, e.g., Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 441 (4th Cir. 1999) ("[T]he high potential for factual and legal whipsawing indicates that the parties will be prejudiced by any judgment rendered in the absence of the non-diverse Plaintiffs and, therefore, such a resolution would not be adequate."); Acton Co., Inc. v. Bachman Foods, Inc., 668 F.2d 76, 81 (1st Cir. 1982); Wilson v. Canada Life Ass. Co., 2009 WL 532830, *9 (M.D. Pa. Mar. 3, 2009).

Plaintiff and Defendant.  As previously discussed, the relief
Plaintiff seeks is specific performance of the sale contract,
including such things as ordering Defendant to remove Weeks and
its possessions from the property.  The effective result, of
course, would be nullification of the SDA -- relief that
Plaintiff expressly demands in paragraph 141(c) of the Complaint.
Accord Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir.
1975), cert. denied 425 U.S. 903 (1976) ("No procedural principle
is more deeply imbedded in the common law than that, in an action
to set aside a lease or contract, all parties who may be affected
by the determination of the action are indispensable.").
Accordingly, this factor weighs heavily in favor of dismissal.

       As to the second factor:  One measure that might lessen the
prejudice to Weeks is limiting the remedies Plaintiff may pursue
in this action to money damages only.  See Wright, Miller, &
Kane, Federal Practice and Procedure: Civil 3d § 1608 at 106-07
(3d ed. 2001) ("One way to avoid adversely affecting the
interests of adverse persons or prejudicing those who already are
parties is by granting a different remedy than the one originally
requested.  For example, when rescission or specific performance
might have a detrimental impact on an absent person, money
damages may prove to be an appropriate alternative.").  If this
Court issued no declaratory or injunctive relief, merely holding
Defendant financially liable for a complete or partial breach of

the sale contract, then Weeks could still fully vindicate its interests in the State Court Action.  This solution could create an untenable result for Defendant, however.  For example, this Court might impose damages for breach of the sale contract's requirement of conveyance free and clear of utilization by any other party, based upon a finding that the "Unacceptable Sediment" deposited onto the property by Weeks violates this provision, as alleged in the Complaint.  (Compl. ¶¶ 63-72, 80-82.)  However, the State Court might find that no such "Unacceptable Sediment" was ever deposited, thus relieving Weeks of liability.  Defendant would then be left to pay damages for a condition it did not create, without an opportunity for indemnification by Weeks.  Accordingly, even though limiting Plaintiff's remedies to damages might lessen the prejudice to Weeks, this solution could unfairly prejudice Defendant.

    As to the third factor:  A judgment rendered in Weeks's absence would be inadequate.  This factor "promotes judicial economy by avoiding going forward with actions in which the court may end up rendering hollow or incomplete relief because of the inability to bind persons who could not be joined."  Wright, Miller, & Kane, supra, at 114.  "The conclusion that additional litigation may result . . . suggests that proceeding without the absent party may be inappropriate."  Id. at 118.

    Here, a finding of liability would almost certainly require

11

further litigation to determine the consequences for Weeks.
Indeed, Plaintiff's brief readily concedes this point. (Def.'s
Br. 10-11 ("[After resolution of this case] [Defendant] and Weeks
can and should litigate between them any remaining issues as to
the expiration and termination of the SDA . . . .").)  If, for
example, the Court ordered specific performance of the sale
contract, this would require removal of Weeks and its dredging
operation from the property. (Compl. ¶ 141(e)-(g).)  Weeks's
entitlement to damages, if any, would, in turn, need to be
resolved by an appropriate tribunal.  If the Court awarded
damages for breach or rescission of the sale contract, further
litigation would be necessary to determine whether Defendant is
entitled to indemnification by Weeks.  Accordingly, the "risk of
successive litigation," which would inevitably result in "the
inefficient, piecemeal disposition of Plaintiff's claims," weighs
in favor of dismissal.  Fiscus v. Combus Finance AG, No. 03-1328,
2007 WL 4164388, *7 (D.N.J. Nov. 20, 2007).

     As to the final factor:  Plaintiff has offered the Court no
reason why its claims cannot be fully vindicated in the ongoing
State Court Action.  The Court has no reason to conclude that the
State Court provides Plaintiff with a less than adequate forum,
particularly since the case will be resolved on state-law
grounds.  See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S.
261, 275 (1997) ("While we can assume there is a special role for

12

Article III courts . . . , we do not for that reason conclude that state courts are a less than adequate forum . . . .”); Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 706 (3d Cir. 1996) (“[Plaintiff] will have an adequate remedy by way of the existing state court action, which involves all of the parties he desires to have included in his federal action.”); Wright, Miller, & Kane, supra, at 119-21 (“Often dismissal is not a hardship because [the] plaintiff will be able to bring the action . . . in a state court, which frequently is a more appropriate tribunal for dealing with local matters than is a federal court.”).

The “public [has a] stake in settling disputes by wholes, whenever possible.” Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 111 (1968). Plaintiff nonetheless insists on waging a two-front battle: both here and in state court. This Court cannot see any benefit to such an approach. Because all four the of Rule 19(b) factors weigh in favor of dismissal, the Court finds that dismissal is consistent with “equity and good conscience”. Fed. R. Civ. P. 19(b).

### CONCLUSIONS

For the reasons stated herein, the Court will grant Defendant's motion to dismiss and, thus, deny as moot Weeks's motion to intervene. An accompanying Order will issue.

Dated: September 9, 2009          s/Renée Marie Bumb
                                  RENÉE MARIE BUMB
                                  UNITED STATES DISTRICT JUDGE